## Heimerdinger v. Regis Building and Loan Association

*Wolf, Block, Schorr & Solis-Cohen*, for plaintiff.
*Illoway & Fischer*, for defendant.

MacNeille, J., June 7, 1932.—Paragraphs one, two and three of the plaintiff's statement of claim are admitted by the affidavit of defense and properly aver that the defendant is a building and loan association in which the plaintiff is a shareholder of fifty shares in the twenty-first series, designated as No. 2127, on which he paid a total of $6250 in instalments of $50 each month from July, 1921, to November, 1931; that on December 5, 1931, plaintiff delivered to the secretary of defendant a notice of withdrawal of his stock, which notice was presented to the board of directors at their regular meeting on December 22, 1931.

Plaintiff, in the fourth paragraph, avers that at the time of withdrawal defendant was solvent, and that by its twentieth annual statement for the year ending June, 1931, it valued said stock at full amount of dues paid, together with profits of $31.75 per share.

Defendant says this is insufficient, is a conclusion of fact and law, and need not, therefore, be answered. The defendant admits that the annual statement of June, 1931, set forth a profit of $31.75 per share for the twenty-first series, but avers that such profit no longer exists.

We think that the plaintiff's averment of solvency is more than a conclusion of fact and law, as it is based upon the admitted annual statement of the defendant, and that it, therefore, sufficiently avers the solvency of the defendant. If there was error in the statement rendered by the association, it has knowledge of the facts and should say that, due to fraud or mistake, the statement was in error.

The plaintiff in his fifth paragraph avers that the defendant failed to fix the rate of profit to which withdrawing stockholders are entitled, and, therefore, asks to be allowed the full amount of dues paid in, together with interest at six per cent. per annum.

In answer, the defendant claims that on November 26, 1929, interest on withdrawal values was fixed to be, inter alia, after the tenth year, five per cent. If true, this establishes the rate of interest and plaintiff is not entitled to six per cent. Unless the plaintiff is prepared so to accept there is raised a question of fact which can be determined only by a trial.

In the sixth paragraph, the plaintiff avers that at the time the notice of withdrawal was filed defendant had on hand sufficient funds to pay withdrawing stockholders by the application of one-half thereof to that purpose.

To this defendant makes answer in effect that the plaintiff's averment in this respect is immaterial and irrelevant; that defendant cannot pay one withdrawing stockholder without having sufficient assets to pay all remaining stockholders equally.

We do not so understand the law. If the association is solvent, and has in its treasury sufficient cash, it should apply one-half thereof to pay withdrawing stockholders in accordance with priority of notice, as provided by statute. It is not necessary that the defendant have on hand sufficient liquid assets or cash to pay all stockholders even though they do not wish to withdraw. It is necessary only that it have on hand sufficient cash one-half of which will pay stockholders demanding withdrawal, provided the association be solvent.

In answer to this paragraph defendant further avers that it had not sufficient funds on hand at the time of the institution of this suit to pay all stockholders.

We do not think this averment affects the situation, as such an averment of inability to meet withdrawing stockholders should relate to the date of withdrawal notice and not the date on which suit is brought. Therefore, we think the answer is insufficient.

However, the defendant sets forth new matter—paragraphs nine to fifteen—the effect of such averments being to declare that the association has its money invested in mortgages secured by real estate and in real estate that has been taken in by the association when it has foreclosed some of its mortgages. To show its insolvency, it says that if such mortgages are taken at their face value the association is solvent, but some of its loans are in default, and since its annual statement of June, 1931, several foreclosures have been necessary, and that it cannot place a value upon either the mortgages or the real estate.

We do not think these averments require a reply by the plaintiff. If the defendant seeks to show insolvency, it must aver facts. It would be a simple matter to aver that its assets have been appraised and that a certain value has been placed upon them. Then a comparison of this value to the liabilities of

the association would at once permit us to say whether or not the association is solvent accordingly as such facts could be established at trial.

Therefore, we think the averments set forth as new matter are insufficient to establish a defense to the action of the plaintiff.

Plaintiff is entitled to judgment in the amount of his payments—$6250—and, since his shares are over ten years old, he is entitled to have interest calculated thereon in accordance with paragraph five of the affidavit of defense.

Therefore, rule for judgment is made absolute.